ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 2 2011
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERNEST MACKIFIELD, § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> MICHAEL J. ASTRUE, § <br> COMMISSIONER OF THE SOCIAL § <br> SECURITY ADMINISTRATION, § <br> DEFENDANT. § | CIVIL ACTION NO. 4:10-CV-540-A |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

Plaintiff filed suit for judicial review of the final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). In accordance with standing orders of this court, the action was referred to the United States Magistrate Judge for findings, conclusions and a recommendation. On November 30, 2010, the Commissioner filed a Motion to Dismiss [doc. # 14]. In the motion, the Commissioner requests that the Court dismiss the above-styled and referenced cause because Mackifield failed to timely file his civil action in this Court. The Court, in an order dated February 8, 2011, converted Defendant's Motion to Dismiss into a Motion for Summary Judgment and gave Plaintiff until February 22, 2011 to file, if he desired to do so, additional briefing as to why summary judgment should not be granted. Plaintiff did not file any additional briefing.

### I. DISCUSSION AND ANALYSIS

In his Motion to Dismiss, which the Court has converted to a Motion for Summary Judgment, the Commissioner requests that the case be dismissed pursuant to Federal Rule of Civil Procedure

1

("Rule") 12(b)(6).[1] In support of his motion, the Commissioner attached copies of the following: (1) the decision of an administrative law judge ("ALJ"), dated September 1, 2009, that denied Mackifield's application for disability insurance and supplemental security income benefits; (2) the decision of the Appeals Council, dated November 17, 2009, denying Mackifield's request for review of the ALJ's decision; (3) the decision of the Appeals Council, dated March 18, 2010, stating that it was setting aside its November 17, 2009 action "to consider additional information" and, that after considering such information, it was denying Mackifield's request for review;[2] and (4) letter from the Appeals Council dated June 7, 2010 stating that it was extending the time within which Mackifield could file a civil action "for 30 days from the date [Mackifield] receive[d] this letter." (Def.'s App., Exs. 1-4.) In addition, the Commissioner attached a declaration dated November 4, 2010 made under penalty of perjury by Patrick Herbst ("Herbst"), Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Def.'s App. at 1-4.) In the declaration, Herbst stated that, pursuant to Social Security Administration regulations, the Appeals Council's denial of a claimant's request for review constitutes the Commissioner's final decision in the matter. In addition, Herbst declared, *inter alia*, that on June 7, 2010, the Appeals Council granted the request of Mackifield's

---

[1] In his original motion, the Commissioner sought dismissal pursuant to Rule 12(b)(6), claiming Mackifield failed to comply with the statute of limitations. (Def.'s Mot. at 1.) Mackifield, in his response, argued that Rule 12(b)(6) did not provide a basis for dismissal for failure to comply with the statute of limitations because the "Supreme Court has held that the sixty-day period in section 405(g) represents a statute of limitation instead of a jurisdictional bar." (Pl.'s Resp. at 1.) In response, the Commissioner clarified in his reply that his Motion to Dismiss pursuant to Rule 12(b)(6) "was based on failure to state a claim for which relief could be granted, since Mackifield failed to seek judicial review within sixty (60) days and failed to file suit within the additional thirty (30) day extension granted by the appeals counsel." (Def.'s Reply at 1-2.) As noted above, the Court has converted Defendant's Motion to Dismiss into a Motion for Summary Judgment.

[2] The Appeals Council further stated that Mackifield had sixty days to file a civil action.

attorney to extend the time to file a civil action and notified Mackifield that he "could file a civil action for up to 30 days from the date of receipt of that letter." (Def.'s App. at 4.) Herbst also stated that Mackifield filed a civil action in this Court on August 3, 2010. *Id.*

The Social Security Act provides that a claimant seeking judicial review of an adverse determination of an application for benefits must constitute a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see* 20 C.F.R. § 422.210(c).[3] Failure to timely file a civil action for judicial review constitutes grounds for dismissal. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000); *Flores v. Sullivan*, 945 F.2d 109 (5th Cir. 1991). According to the regulations, a claimant is presumed to have received notice of the Commissioner's final decision five days after the date of such decision. 20 C.F.R. § 422.210(c); *see Fletcher*, 210 F.3d at 513.[4] The Appeals Council may extend the time to file a civil action if a claimant shows good cause. 20 C.F.R. § 422.210(c). In addition, a plaintiff can invoke the doctrine of equitable tolling in appropriate situations. *Flores*, 945 F.2d at 113. Equitable tolling is appropriate usually only in cases where government misfeasance conceals the cause of action. *See, e.g., Bowen v. City of New York*, 476 US. 467, 478-81 (1986); *Flores*, 945 F.2d at 113; *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990).

---

[3] 20 C.F.R. § 422.210(c) states:

Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.

[4] In addition, the Social Security Administration ("SSA") regulations provide for notice to a claimant's attorney. *See* 20 C.F.R. §§ 404.1705-.1715 (1990). Section 404.1705 of the regulations allow a claimant to appoint an attorney as a representative. *Id.* § 404.1705. The SSA will recognize the attorney as the representative if both the claimant and the attorney file a notice stating that the attorney is the representative. *Id.* § 404.1707. The regulations also provide that the SSA will send the representative notice of any administrative decision and that "notice or request sent to your representative, [sic] will have the same force and effect as if it had been sent to you." *Id.* § 404.1715.

3

In addition, "there are rare cases in which courts may toll it when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barrs*, 906 F.2d at 122.

In this case, the Appeals Council denied Mackifield's request for review of the ALJ's decision on March 18, 2010 and mailed such denial to Mackifield. Mackifield's attorney then apparently submitted a request for an extension of time to file a civil action. In a letter dated June 7, 2010, the Appeals Council granted that request for an extension of time for up to 30 days from the date the letter was received. Pursuant to the regulations and the letter from the Appeals Council, Mackifield's attorney (and by implication Mackifield) presumably received notice of the Appeals Council's decision on June 12, 2010. Thus, Mackifield had thirty days, or until July 12, 2010, to timely initiate suit.

In this case, Mackifield did not file his complaint in this Court until August 3, 2010, which is well past the thirty-day extension provided by the Appeals Council. Mackifield has not provided any evidence that he actually received notice of the thirty-day extension after the presumed receipt date of June 12, 2010. In addition, Mackifield has not presented any facts that indicate the deadline should be equitably tolled. Mackifield argues that he "was not represented by counsel at the administrative hearing, or at any time prior to retaining [his current counsel] on May 1, 2010, after the 60-day period under 205(g) had already elapsed." (Pl.'s Resp. at 2.) He further argues that he filed the case "within 60 days of the June 7, 2010 Appeals Council decision, though not correctly filed within 30 days" and "[j]udicial efficiency will not be served by forcing the claimant to seek an extension from the Appeals Council." *Id.* Because such arguments do not indicate any government misfeasance or provide evidence of a rare circumstance when the equities favor tolling the statute

of limitations, equitable tolling is inapplicable. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights."). Consequently, the Court concludes that the Commissioner's converted motion for summary judgment should be granted and the case should be dismissed.

## II. RECOMMENDATION

It is recommended that the Commissioner's Motion to Dismiss [doc. # 14] that has been converted by the Court to a Motion for Summary Judgment should be granted and the above-styled and numbered cause dismissed with prejudice.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until **March 16, 2011** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 2, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv